HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

LARRY EDWARD TARRER II,

    Defendant/Petitioner.

Case No. C10-5230RBL
          CR07-05346RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C. § 2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

On June 7, 2007, the grand jury returned a seven-count Indictment against the defendant and three others. The defendant was charged in four counts: Count 1 - Conspiracy to Distribute MDMA; Count 3 - Possession of MDMA with Intent to Distribute; Count 6 - Possession of 50 grams or more of Cocaine Base with Intent to Distribute; and Count 7 - Possession of Cocaine Base with Intent to Distribute. After the denial of his motion to suppress the drugs seized during his arrest, the defendant pleaded guilty to all four counts without a plea agreement.

On October 24, 2008, the Court conducted a rather lengthy sentencing hearing involving live testimony. At issue at the hearing was the applicability to the defendant of a two-level enhancement for

possession of a firearm and his eligibility for relief from the ten-year mandatory minimum under the safety valve. At the conclusion of the hearing, the Court applied the two-level enhancement and denied safety valve relief. The Court then sentenced the defendant to the mandatory minimum sentence of ten years.

The defendant appealed his sentence. On January 25, 2010, the Ninth Circuit affirmed the sentence in an unpublished memorandum. This motion timely followed.

In his motion the defendant alleges that he received the ineffective assistance of counsel based upon his attorney's: (1) misadvising him concerning the two-level firearms enhancement and safety valve eligibility; (2) failing to move to suppress the firearm; (3) failing to object to the contents of the Presentence Report; and (4) failing to investigate and interview witness Alisha Rorie and other witnesses. He further claims that his plea was not knowing nor voluntary. And, finally, he claims that the two-level firearms enhancement violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## II. DISCUSSION

The defendant's claim that his conviction and sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance was deficient," and (2) counsel's "deficient performance prejudiced the defense." *Id*., at 687. To show that counsel's performance was deficient, defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*., at 688. This Court's "scrutiny of counsel's performance must be highly deferential [ ]" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.,* at 689. In the context of a counseled plea of guilty, *Strickland's* second prong of "prejudice" is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The defendant's first allegation of ineffective assistance involves the advice his attorney gave him about his chances of being assessed a two-level firearms enhancement and whether he qualified for safety valve relief. The defendant claims that his attorney told him that if he pleaded guilty without a plea

agreement he would be safety valve eligible. He also claims that his attorney did not tell him about the potential for a two-level firearms enhancement. According to defendant, he would not have pleaded guilty had he known that he could be denied safety valve eligibility and be assessed the two-level firearms enhancement.

The defendant's claims are not credible. In counsel's declarations in response to defendant's motion, Mr. Johnston makes it clear that he did not promise or guarantee the defendant that he would be safety valve eligible. It is also clear from the declarations that the defendant knew that if the Court held him responsible for the gun found in Ms. Rorie's car, he would not be safety valve eligible and would face the ten-year mandatory sentence as to Count 6. Given the defendant's knowledge of, and extensive participation in, his defense, his claim now that he didn't know how the gun would affect his sentence ring hollow.

The defendant's second allegation of ineffective assistance is based on his counsel's not filing a motion to suppress the aforementioned gun found in Ms. Rorie's car. A claim of ineffective assistance based upon the failure to file a motion to dismiss is barred by his guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994), overruled on other grounds by *Lockyer v. Andrade*, 538 U.S. 63 (2003). Even if not barred, the claim fails because the defendant did not have standing to challenge the search of Ms. Rorie's car.

The defendant's third allegation of ineffective assistance is based on the mistaken assumption that his counsel failed to object to certain portions of his Presentence Report. The record reflects that counsel vigorously objected to findings in the Presentence Report. A lengthy sentencing hearing was held where witnesses testified and arguments were made. At that hearing Mr. Johnston astutely cross-examined Ms. Rorie and eloquently argued that the gun at issue should not be attributed to the defendant. Simply because the Court, and subsequently the Ninth Circuit, disagreed with counsel's position does not equate to a failure to object or to the ineffective assistance of counsel.

The defendant's final allegation of ineffective assistance criticizes counsel's supposed failure to investigate and interview Ms. Rorie and other witnesses. The record refutes this allegation. As for any potential witnesses, the transcript of the suppression hearing makes clear that Mr. Johnston was well prepared and ably cross-examined the government's witnesses. The defendant does not indicate what

1  other witnesses counsel should have interviewed.  As to Ms. Rorie, the defense had no right to interview
2  her absent her consent, and Mr. Johnston indicates she did not consent to be interviewed.  Nevertheless,
3  Mr. Johnston effectively cross-examined her at defendant's sentencing hearing.  Furthermore, contrary to
4  the defendant's allegation, Mr. Johnston did interview a potential defense witness for sentencing, but the
5  individual was reluctant to testify and the defendant agreed that he not be called as a witness.

6  All of the defendant's allegations of ineffective assistance are without merit.

7  The defendant's second claim for relief is that his plea was not knowing nor voluntary.  This is
8  merely a reiteration of his first allegations of ineffective assistance of counsel.  For the reasons previously
9  set forth, this claim is also without merit.

10  The defendant's final claim is that the two-level firearm enhancement to his guidelines calculation
11  violates *Apprendi*, because the two-level enhancement assessed the defendant did not increase the
12  statutory maximum sentence the defendant faced.  *See United States v. Randle*, 304 F.3d 373 (5th Cir.
13  2002); *United States v. Alexander*, 292 F.3d 1226 (10th Cir. 2002).  This claim is also without merit.

14  Defendant's Motion pursuant to 28 U.S.C. § 2255 is **DENIED.**

15  The Court declines to issue a Certificate of Appealability because the defendant has failed to make
16  "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2)

17  **IT IS SO ORDERED.**

18  The Clerk shall send uncertified copies of this order to all counsel of record, and to any party
19  appearing pro se.

20  Dated this 4th day of January, 2011.

21
22
              RONALD B. LEIGHTON
23            UNITED STATES DISTRICT JUDGE

24
25
26
27
28